UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH ATWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>PETE WARNER and FERRY COUNTY, WASHINGTON<br><br>    Defendants. | No. CV-07-0341-CI<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL |

BEFORE THE COURT is Defendants' Motion for Summary Judgment dismissal, noted for hearing without oral argument on October 8, 2008.  (Ct. Rec. 43.)  Plaintiff, a prisoner at Stafford Creek Corrections Center, is proceeding pro se; attorney Christopher Kerley of Evans, Craven & Lackie, P.S., represents Defendants.[1] Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Western District of Washington.  It was transferred here pursuant to 28 U.S.C. § 1391(b), and assigned to District Judge

---

[1] On August 7, 2008, the court granted Plaintiff's motion to withdraw Melanie Rave and Maia Pugliese as Defendants in this civil rights action.  (Ct. Rec. 49.)  Ms. Rave was the Jail Commander while Plaintiff was incarcerated in the Ferry County Jail; Ms. Pugliese was a Ferry County Corrections Officer at the time.  (Ct. Rec. 46 at 3-4.)

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 1

Justin Quackenbush. (Ct. Rec. 7, 9, 13.) A court order dated January 1, 2008, directed service of Plaintiff's Complaint, which seeks declaratory and injunctive relief and monetary damages, for the denial of good-time credit at the Ferry County Jail. On July 2, 2008, the parties consented to proceed before a United States Magistrate Judge. (Ct. Rec. 34.)

Defendants filed this Motion for Summary Judgment, a Memorandum in Support of the Motion for Summary Judgment, a Statement of Specific Facts, and Affidavit by Defendant Pete Warner in support of the Motion, on August 7, 2008. (Ct. Rec. 43, 44, 45, 46.) Defendants assert that because Mr. Atwood's good-time credit was restored by later State action prior to his release date, there was no actual constitutional deprivation and, therefore, no § 1983 claim. In the alternative, Defendants claim qualified immunity. (Ct. Rec. 44 at 7, 8.)

On August 8, 2008, Plaintiff was advised as to summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), *cert. denied*, 527 U.S. 1035 (1999) (Ct. Rec. 50); Plaintiff filed a Response, Statement of Facts, and Affidavit of Kenneth Atwood in support of his Response on September 4, 2008. (Ct. Rec. 51, 52, 53.) Defendants filed a Reply brief on November 8, 2008 (Ct. Rec. 55), and Plaintiff filed a Surreply on September 19, 2008. (Ct. Rec. 56.)

After a review of the pleadings and the record, the court **GRANTS** Defendants' Motion for Summary Judgment Dismissal.

**FACTS**

The following facts are undisputed:

1. In 2000, a Ferry County jury found Plaintiff guilty of

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 2

attempted murder in the second degree and unlawful display and discharge of a weapon. (Ct. Rec. 45 at 2.)

2. Plaintiff's total sentence was 225 months, about 19 years.[2] *(Id.)*

3. After Plaintiff was transferred to prison, he petitioned Ferry County Jail for good-time credit earned during the 330 days he spent in jail before sentencing. *(Id.* at 2; Ct. Rec. 53 at 1, 2.)

4. Ferry County Jail Commander Rave refused Plaintiff's request that she certify good-time credit to the Department of Corrections. In her response, Ms. Rave indicated Plaintiff painted some rooms for the general population but "we also have reports of several different incidents involving you." (Ct. Rec. 45 at 3.)

5. Plaintiff was not given advance notice of the denial of good-time credit earned at Ferry County Jail, and he was not given a hearing. (Ct. Rec. 13, Exhibit B.)

6. Ms. Rave's decision was within her discretionary authority pursuant to Ferry County jail policy, with which she was in compliance. *(*Ct. Rec. 45 at 4.)

7. Sheriff Pete Warner had no personal involvement in the decision to deny certification of good-time credit. *(Id.* at 5; Ct. Rec. 46 at 5, ¶ 12.)

---

[2] According to evidence submitted by Plaintiff, without counting jail good-time credit, Plaintiff's release date is estimated to be January 2018, and earliest possible release is September 2015. (Ct. Rec. 13, Exhibit D, *Department of Corrections Release Date Calculation Sheet.*)

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 3

8. In response to a second inquiry from Plaintiff regarding his good-time credit, Corrections Officer Pugliese restated Jail Commander Rave's position in a letter to Plaintiff. (Ct. Rec. 45 at 5.)

9. Plaintiff filed a Personal Restraint Petition in the Washington Court of Appeals claiming he was deprived of good-time credit without due process. (Ct. Rec. 13, Exhibit B.)

10. The Court of Appeals held the Ferry County Jail Good-time Credit Policy in effect when Plaintiff was in Ferry County Jail did not meet the minimum requirements for due process, as established by *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id.*

11. On November 16, 2006, the Washington State Court of Appeals granted Plaintiff's Petition and remanded the matter to the Ferry County Superior Court to determine good-time credit by "procedures that assure the minimum level of constitutional due process." (*Id.*)

12. On or about August 10, 2007, Ferry County Superior Court reinstated 109 days of good-time credit earned while Plaintiff was in the Ferry County Jail. Plaintiff was represented by counsel at that hearing. (Ct. Rec. 13, Exhibit C.)

13. Plaintiff was not detained beyond his re-calculated release date.

**SUMMARY JUDGMENT**

FED. R. CIV. P. 56(c) states a party is entitled to summary judgment in its favor, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 4

a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has carried the burden under Rule 56, the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot merely rest on the pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Affidavits, depositions, answers to interrogatories and admissions are sufficient to raise a material question of fact. *Celotex*, 477 U.S. at 324. Genuine issues are not raised by mere conclusory or speculative allegations. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). The court will examine the direct and circumstantial proof offered by the nonmoving party and the permissible inferences which may be drawn from such evidence. A party cannot defeat a summary judgment motion by drawing strength from the weakness of the other party's argument or by showing "that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim." *T.W. Electric Service Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987); *see also, Triton Energy Corp v. Square D. Company*, 68 F.3d 1216 (9th Cir. 1995).

## 42 U.S.C. § 1983

To demonstrate a claim under 42 U.S.C. § 1983, Plaintiff must allege and prove (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other*

*grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To hold a defendant liable for damages, the wrongdoer must personally cause the violation. *Leer*, 844 F.2d at 633. There is no *respondeat superior* liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, a supervisor is liable under § 1983 only if he/she "participated in or directed the violation, or knew of the violation and failed to prevent it." *Id*. If damages are sought, sweeping conclusory allegations against a prison official will not suffice; an inmate must set forth specific facts as to each individual defendant's participation. *Leer*, 844 F.2d at 634.

## PROTECTED LIBERTY INTEREST

Although an inmate does not have a constitutional right to good-time credit, once the state creates a specific right to a shortened prison sentence through its good-time credit policy, good-time credit represents a protected liberty interest, and "the minimum requirements of procedural due process appropriate for the circumstances must be observed." *Wolff*, 418 U.S. at 558. Before a prisoner can be deprived of his liberty interest in good-time credit, a prison or jail must give him advanced written notice of the violation, a statement of the evidence relied upon and the reason for denying the good-time credit. Further, the prisoner must be allowed to attend a hearing where he can call witnesses and

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 6

present evidence. *Wolff,* 418 U.S. at 565-66.

Although restoration of good-time credit is not cognizable in a § 1983 action, declaratory judgments, certain types of injunctive relief and damages are not barred in a § 1983 action as for loss of good-time credit. *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (actual restoration of good-time credits must be sought in state proceedings). However, to recover damages for allegedly unconstitutional action that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed or declared invalid by a state tribunal or "called into question" by issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). An action for damages for improper withholding of good-time credit (which affects length of sentence rather than fact of sentence) is cognizable under § 1983, so long as the claim is "not frivolous and is of sufficient substance to invoke the jurisdiction of the federal court." *Wolff,* 418 U.S. at 554.

**DISCUSSION**

It is undisputed that the Court of Appeals found the Ferry County Jail Good-time Credit Policy did not meet the due process requirements under *Wolff*;[3] therefore, at first blush it appears

---

[3] In *Wolff*, unlike the Plaintiff here, the § 1983 plaintiff was seeking restoration of good-time credit, as well as damages and injunctive relief. The *Wolff* Court, *citing Preiser v. Rodriguez*, 411 U.S. 475 (1973), held reinstatement of good-time credit had to be sought in state proceedings or a federal habeas action. *Wolff,*

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 7

Plaintiff may make a claim under 42 U.S.C § 1983. *Heck*, 512 U.S. at 477; *Edwards v. Balisok*, 520 U.S. 641 (1997).

Defendants claim that summary judgment in their favor is appropriate in this case because Plaintiff was never deprived of a protected liberty interest, *i.e.* his good-time credit, since his good-time credit was restored by the state and Plaintiff did not serve any additional time because of the jail's actions. (Ct. Rec. 44 at 7-8.) Defendants rely specifically on *Cespedes v. Coughlin III*, 956 F.Supp. 454 (S.D.N.Y. 1997), in which the district court held there was not constitutional deprivation when good-time credit is restored by state action, and there is no effect on the length of an inmate's sentence and detention. *Id.* at 474-75.

Plaintiff argues *Cespedes* does not apply in his case, because in *Cespedes*, the inmate's time was restored by prison administrative procedures, not, as was his case, by state court. (Ct. Rec. 56.) However, "state court is just as much an arm of the state as [prison] administration" and, therefore, can provide due process remedies required by *Wolff*. *See Ragan v. Lynch*, 113 F.3d 875, 877 (8th Cir. 1997). In *Ragan*, a state prisoner alleged due process violations in a prison disciplinary board's denial of his good-time credits. Like the Plaintiff here, Ragan applied for post-conviction relief in state court, his good-time credits were restored by state court, and he suffered no deprivation. The Eighth Circuit held that "because there was a procedure available to remedy the [prison's] mistake, that error alone does not amount to a denial of due process." *Id*.

---

418 U.S. at 554-55.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 8

A Second Circuit case also supports Defendant's argument. In *Walker v. Bates*, 23 F.3d 652 (2d Cir. 1994), the court distinguished between cases in which the denial of good-time credits without due process affected a prisoner's sentence by prolonging detention, and cases in which the error was corrected before the penalty was served. Citing *Young v. Hoffman*, 970 F.2d 1154 (2nd Cir. 1992), the court held that when a prisoner suffers "no interference with a liberty interest," there is no § 1983 claim. *Walker*, 23 F.3d at 659.

In *Young*, a prisoner claimed a § 1983 due process violation when he was not allowed to call witnesses at his disciplinary hearing. After the hearing, a penalty of loss of six months' good-time was recommended. *Young*, 970 F.2d at 1155. District court granted summary judgment for the prisoner and awarded one dollar in nominal damages. The Second Circuit Court of Appeals reversed because the prison had reversed the hearing disposition and vacated the penalty before any penalty was imposed erroneously. The Second Circuit Court of Appeals concluded any procedural defect was cured, no liberty interest was lost and there was "no valid claim for relief." *Young*, 970 F.2d at 1156; *see also Harper v. Lee*, 938 F.2d 104 (8th Cir. 1991) (no due process violation when state procedures rectified violation).

In contrast, the plaintiff in *Walker,* served substantial time in punitive confinement imposed after being denied due process. The *Walker* court found even though a new hearing was held, and the penalty revoked, the prisoner had served part of the punitive sentence and was unjustly deprived of a significant liberty interest; therefore, his § 1983 claim was not barred. *Walker*, 23

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 9

F.3d at 658-59.

Here, Plaintiff properly sought restoration of his good-time credit in state proceedings by first filing a grievance with the prison administration.[4]  Getting no relief from administrative process, he filed a personal restraint petition with the State Court of Appeals.  The Court of Appeals granted his petition.  Once the Court of Appeals determined a wrong had been done, Plaintiff was afforded a hearing where he was represented by counsel.  Ferry County Superior Court ordered good-time credits fully reinstated.  Thus, the state court had the "the opportunity to correct the errors committed in the State's own prisons." *Preiser,* 411 U.S. at 497-98.

Further, it is undisputed Plaintiff's sentence was not prolonged as a result of the Ferry County Jail error.  The state proceedings prevented any loss of liberty and, therefore, prevented a constitutional deprivation.  *See Haygood v. Younger*, 769 F.2d 1350, 1356 (9th Cir. 1985).  Because Plaintiff does not present evidence that the state deprived him of a constitutionally protected liberty interest, there is no valid § 1983 claim.  Accordingly, summary judgment for Defendants is appropriate.  The court need not address Defendants' assertion of qualified immunity.

**IT IS ORDERED:**

1.  Defendants' Motion for Summary Judgment dismissal **(Ct. Rec. 43)** is **GRANTED**.  Plaintiff's Complaint (**Ct. Rec. 13**) and claims are **DISMISSED WITH PREJUDICE.**

2.  The District Court Executive is directed to file this Order and provide a copy to Plaintiff and counsel for Defendants.

---

[4] (Ct. Rec. 13, Exhibit E.)

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT DISMISSAL - 10

Judgment shall be entered for Defendants and the file shall be **CLOSED.**

DATED November 12, 2008.

<pre>
                    S/ CYNTHIA IMBROGNO
                 UNITED STATES MAGISTRATE JUDGE
</pre>